*G. W. Belknap* and *C. A. White,* for U. A. Moore.

### AGREEMENT AS TO ATTORNEY'S FEES.

[Circuit Court of Hamilton County.]

HARVEY MEYERS v. MOLLIE F. PEARCE.

Decided, August 11, 1902.

*Attorney's Fees—Strict Proof Required to Establish a Change of Contract as to the Amount to be Paid.*

Where an attorney claims a change of contract was made as to the amount he was to receive for his services in a given matter, the burden is upon him and strict proof will be required, notwithstanding by a *quantum meruit* he would receive a much larger amount.

JELKE, J.; SWING, J., and GIFFEN, J., concur.

It appears from the record that Harvey Meyers rendered services to Mrs. Pearce, of great ability, courage and value, and that the same were successful, and if it were a question of *quantum meruit* the amount of the alleged contract would be inadequate and the amount retained by him reasonable. But that is a matter with which we are not concerned if there was a subsisting contract between Mr. Meyers and Mrs. Pearce.

Mrs. Pearce says Mr. Meyers undertook to do this work for $500.

Mr. Meyers says that the $500 contract was subsequently by agreement abrogated. The burden of showing this change is on Mr. Meyers, and it is to the credit and dignity of the legal profession that the measure of proof required by law is strict. It may even be that Mr. Meyers is right in this contention, but it is better that he should fail for want of sufficient proof than that there should be any relaxation in this regard. However

this may be, this issue was fairly submitted to the jury under a proper charge and we can not say that the verdict is so manifestly against the weight of the evidence as to call for a reversal.

Judgment affirmed.

*Harvey Meyers, pro se.*

*Hallam & Terrill*, contra.